JS 44 (Rev. 12/12)            MMB            **CIVIL COVER SHEET**            15-cv-4813

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

### I. (a) PLAINTIFFS
Christopher Andersen

**DEFENDANTS**
Timberlane, Inc.                    15      4813

**(b)** County of Residence of First Listed Plaintiff    Delaware
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Michael P. Murphy, Jr., Esquire, Murphy Law Group LLC, Eight Penn Center, Suite 1803, 1628 John F. Kennedy Blvd., Philadelphia, PA 19103, 267-273-1054

Attorneys *(If Known)*

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government Plaintiff
- ☒ 3   Federal Question *(U.S. Government Not a Party)*
- ☐ 2   U.S. Government Defendant
- ☐ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                    *and One Box for Defendant)*

|                               | PTF | DEF |                                              | PTF | DEF |
|-------------------------------|-----|-----|----------------------------------------------|-----|-----|
| Citizen of This State         | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State      | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|----------|-------|---|--------------------|------------|----------------|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☒ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

### V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
FMLA, 29 U.S.C. § 2601, et seq.
Brief description of cause:
Interference/retaliation under the FMLA

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

### VIII. RELATED CASE(S) IF ANY
*(See instructions):*         JUDGE                                  DOCKET NUMBER

DATE
08/25/2015

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #            AMOUNT            APPLYING IFP            JUDGE            MAG. JUDGE

AUG 25 2015

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _532 W. Brookhaven Road, Brookhaven, PA 19105_

Address of Defendant: _150 Domorah Drive, Montgomeryville, PA 18936_

Place of Accident, Incident or Transaction: _150 Domorah Drive, Montgomeryville, PA 18936_
*(Use Reverse Side For Additional Space)*

**15    4819**

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐    No☒

Does this case involve multidistrict litigation possibilities?    Yes☐    No☒
*RELATED CASE, IF ANY:*
Case Number: _____ Judge _____    Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐    No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐    No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐    No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐    No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

**A.** *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

**B.** *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, _Michael Murphy_ , counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: _08/25/2015_    _____    _91262_
                      Attorney-at-Law         Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _08/25/2015_    _____    _91262_
                      Attorney-at-Law         Attorney I.D.#

CIV. 609 (5/2012)

AUG 25 2015



**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Christopher Andersen | : | CIVIL ACTION |
| v. | : | **15  4813** |
| Timberlane, Inc. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                      ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.                                          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.                                                                                                          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)                                                                                                            ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.         (X)

| | | |
|---|---|---|
| 08/25/2015 | Michael Murphy, Esq. | Christopher Andersen, Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (267) 273-1054 | (215) 525-0210 | murphy@phillyemploymentlawyer.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Clv. 660) 10/02

AUG 25 2015

*$400*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

-------------------------------------------------------------

CHRISTOPHER ANDERSEN              :
532 W. Brookhaven Road             :
Brookhaven, PA 19105               :
                                             :
                 Plaintiff,        :
                                             :
                   v.                :
                                             :
TIMBERLANE, INC.                    :
150 Domorah Drive                  :
Montgomeryville, PA 18936         :
                                             :
                 Defendant.     :

-------------------------------------------------------------

**CIVIL ACTION**

**CASE NO.:**_____

**JURY TRIAL DEMANDED**

15   4813

## COMPLAINT – CIVIL ACTION

Plaintiff, Christopher Andersen ("Plaintiff"), by and through his Attorneys, for his Complaint against Defendant, Timberlane, Inc. ("Defendant") alleges as follows:

### INTRODUCTION

1.       Plaintiff initiates this action to redress violations by Defendant of the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* ("FMLA"). Plaintiff asserts that his FMLA rights were interfered with and that he was terminated from his employment with Defendant in retaliation for exercising his rights under the FMLA. Plaintiff also contends that his employment was terminated by the Defendant in retaliation for his claim for workers' compensation benefits, which is a violation of public policy under Pennsylvania law.

### PARTIES

2.       Plaintiff, Christopher Andersen, is an adult American citizen who presently maintains a residence at 532 W. Brookhaven Road, Brookhaven, Pennsylvania 19015.

3.      Upon information and belief, Defendant, Timberlane, Inc., is a Pennsylvania Corporation that conducts operations in several states, including the Commonwealth of Pennsylvania, where it is registered and authorized to conduct business. Upon information and belief, Defendant maintains its principal place of business at 150 Domorah Drive, Montgomeryville, Pennsylvania 18936.

## JURISDICTION AND VENUE

4.      Paragraphs 1 through 3 are hereby incorporated by reference, as though the same were fully set forth at length herein.

5.      This is an action authorized and instituted pursuant to the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.*

6.      This Court has jurisdiction over this matter, pursuant to 28 U.S.C. § 1331 and 1343 as it is a civil rights action arising under the laws of the United States.

7.      The venue in this district is proper pursuant to 28 U.S.C. § 1391, inasmuch as Defendant resides in this district and the events giving rise to this action occurred in this district.

8.      Pursuant to 28 U.S.C.A. § 1367, this Court has pendent jurisdiction to decide Plaintiff's state law claims, as they arise out of the same nucleus of operative fact as Plaintiff's FMLA claims.

## FACTS RELEVANT TO ALL CLAIMS

9.      Paragraphs 1 through 8 are hereby incorporated by reference, as though the same were fully set forth at length herein.

10.     In January 2012, Plaintiff was hired by Defendant as a Shipping and Receiving Worker.

2

11.     In or about mid-2014, Plaintiff was promoted to the position of

Floater/Maintenance Worker, filling a variety of job responsibilities, including shipping,

machinery maintenance work, and painting.

12.     From January 2012 until his unlawful termination on November 26, 2014,

Plaintiff received praise for his work, positive feedback from management, and no discipline.

13.     Plaintiff reported to Defendant's Montgomeryville, Pennsylvania office.

14.     On or about November 5, 2014, Plaintiff injured his right index finger while

operating machinery during the course and scope of his employment at Defendant's workplace.

15.     Immediately thereafter, Plaintiff visited the Grandview Hospital Emergency

Department in Sellersville, Pennsylvania, where he was diagnosed with a right index skin and

nail avulsion, and underwent a right index nail excision.

16.     As a result of his injuries, and because his injuries occurred during the course and

scope of his employment, Defendants' worker's compensation carrier was notified of Plaintiff's

work-related injuries.  Thereafter, Defendants' worker's compensation carrier issued a Notice of

Compensation Payable.

17.     On or about November 5, 2014, Plaintiff informed Defendant of his injury and

subsequent surgical treatment.

18.     On or about November 6, 2014, Plaintiff informed Defendant that he had full use

of his left hand and limited use of his right hand as a result of his injury and subsequent recovery

from surgery.

19.     Immediately thereafter, Defendant demanded Plaintiff take a leave of absence of

an unspecified period, instructing him to return to work only when he had regained full use of

both of his hands.

3

20.    Plaintiff indisputably had a serious health condition as defined under the FMLA, and was therefore entitled to leave under the FMLA for his own serious health condition.

21.    Defendant's management never once offered Plaintiff leave under the FMLA regulations, as required within five (5) business days or as soon as practicable upon learning of Plaintiff's need for medical leave for an FMLA-qualifying condition.

22.    Defendant's management also failed to provide Plaintiff with individualized notifications of Plaintiff's FMLA rights, as mandated by FMLA regulations.

23.    On or about November 25, 2014, while Plaintiff was on FMLA-qualifying leave, Defendant abruptly terminated Plaintiff's employment via telephone, explicitly citing his injury and subsequent leave as the reasons for his termination.

24.    Defendant willfully violated the provisions of the FMLA by terminating Plaintiff's employment prior to the completion of twelve (12) weeks of leave to which Plaintiff was entitled.

25.    It is believed and therefore averred that Defendant terminated Plaintiff because of his attempts to exercise his rights under the FMLA to take leave for his serious health condition, and because Defendant believed Plaintiff would be forced to go out on leave for his serious health condition in the future.

26.    It is further believed and averred that Plaintiff's employment was terminated as a result of Plaintiff's entitlement to and claims for workers' compensation benefits, in violation of Pennsylvania public policy.

27.    As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, promotion

4

benefits, and other economic damages, and has also suffered mental anguish, emotional pain and suffering, emotional distress, humiliation, and damage to reputation.

## COUNT I
## VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT
### INTERFERENCE AND RETALIATION

28.     Paragraphs 1 through 27 are hereby incorporated by reference, as though the same were fully set forth at length herein.

29.     Defendant employed at least fifty (50) employees at its Montgomeryville office location, or within seventy-five (75) miles thereof, for each working day in each of twenty (20) or more calendar days in the current or preceding year.

30.     Plaintiff was an eligible employee under the FMLA and entitled to twelve (12) weeks of unpaid leave and/or intermittent leave in connection with his serious health condition.

31.     Defendant violated the FMLA by: (a) failing to give Plaintiff individualized notices of his FMLA rights; (b) failing to designate Plaintiff's FMLA time off from work as FMLA qualifying; (c) failing to offer Plaintiff FMLA leave; (d) by terminating Plaintiff because of his FMLA-qualifying leave; and (e) by terminating Plaintiff for taking FMLA- qualifying leave and/or in retaliation for attempting to exercise his rights under the FMLA.

32.     Defendant willfully violated the provisions of the FMLA by failing to provide Plaintiff with leave pursuant to the FMLA, terminating Plaintiff's employment prior to the completion of twelve (12) weeks of leave to which Plaintiff was entitled. and by interfering with, restraining, and denying Plaintiff all of his rights under the FMLA.

33.     The aforementioned actions of Defendant constitute both interference and retaliation violations of the FMLA.

34.     As a result of Defendant's actions, Plaintiff has suffered significant damages.

5

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

(1)     Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

(2)     Monetary compensation for the amounts expended by Plaintiff on health insurance premiums;

(3)     Liquidated damages;

(4)     Plaintiff's costs, disbursements and attorney's fees incurred in prosecuting this action;

(5)     Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable federal law;

(6)     Pre-judgment interest in an appropriate amount; and

(7)     Such other and further relief as is just and equitable under the circumstances.

**COUNT II**
**WRONGFUL DISCHARGE UNDER PENNSYLVANIA COMMON LAW**

35.     Paragraphs 1 through 34 are hereby incorporated by reference, as though the same were fully set forth at length herein.

36.     On November 5, 2014, during the course and scope of his employment, Plaintiff suffered a work-related injury.

37.     The injury caused Plaintiff to require medical care and treatment, including necessary surgical excision.

6

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By:

Michael Murphy, Esquire
Michael Murphy, Esquire
Michael C. Groh, Esquire
Erica E. Kane, Esquire
Eight Penn Center, Suite 1803
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 215.375.0961 or 267.273.1054
murphy@phillyemploymentlawyer.com
Attorneys for Plaintiff

Dated: August 25, 2015

8

## **DEMAND TO PRESERVE EVIDENCE**

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to his potential claims and his claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.

9